

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Mrs. Willie O'Neal
County Auditor, Carson County
Panhandle, Texas

Dear Mrs. O'Neal:

Opinion No. O-5904
Re: Payment of premiums
on official bonds of
county officials.

Your letter of February 28, 1944, requesting the opinion of this department on the questions stated therein is as follows:

"Your opinion is respectfully requested as to whether or not officers who are on a fee basis are entitled to deduct as an expense of office the premium on their surety bond - - - and also if such officers are on a salary basis is it compulsory that the bond premiums be paid by the County?

"This question concerns the County Clerk's office, the Commissioners' Court having refused to allow such deduction on the 1943 fee report -- and the County is now on a salary basis and they do not feel that the County should pay the bond premium. Does the Clerk have any recourse?"

Carson County has a population of 6,624 inhabitants according to the 1940 Federal Census. As we understand your letter the county officials of Carson County were compensated on a fee basis for the year 1943, and that said county officials are now compensated on an annual salary basis.

Section (a) of Article 3899, Vernon's Annotated

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

476

Civil Statutes, is applicable to those counties where the county officials of said county are compensated on a fee basis. Said statute provides, in part, as follows:

"At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office such as stationery, stamps, telephone, premiums on official bonds, including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses; * * * Such expense account shall be subject to the audit of the county auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. * * * The amount of such expenses, together with the amount of salaries paid to assistants, deputies, and clerks, shall be paid out of the fees earned by such officer. * * *"

Section (b) of Article 3899, Vernon's Annotated Civil Statutes, provides, in part:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on official bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, * * *

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the county auditor, if any, otherwise by the Commissioners' Court. Each officer shall at the close of

each month of his tenure of office, make an itemized
and sworn report of all approved expenses incurred
by him and charged to his county, accompanying such
report with invoices covering such purchases and re-
quisitions issued by him in support of such report.
If such expenses be incurred in connection with any
particular case, such report shall name such case.
Such report, invoices, and requisitions shall be sub-
ject to the audit of the county auditor, if any, other-
wise by the Commissioners' Court, and if it appears that
any item was not incurred by such officer, or that such
item was not a necessary or legal expense of such of-
fice, or purchased upon proper requisition, such item
shall be by said county auditor or court rejected in
which case the payment of such item may be adjudicated
in any court of competent jurisdiction.  All such ap-
proved claims and accounts shall be paid from the Of-
ficers' Salary Fund unless otherwise provided herein.
* * **

The County Clerk is authorized by Article 3891,
Vernon's Annotated Civil Statutes, to be paid or retain the
amount allowed him under the provisions of Article 3883, Vernon's
Annotated Civil Statutes, together with the salaries of his as-
sistants, deputies and authorized expenses under Article 3889,
and the amount necessary to cover costs of premium on whatever
surety bonds may be required by law, out of the current fees of
his office.  If the current fees of such office, collected in
any year, be more than the amount needed to pay the amount above
specified, the same shall be deemed excess fees and shall be
disposed of in the manner stated in Article 3891.  The County
Clerk is authorized to deduct the expenses of the premiums on
whatever surety bonds may be required by law in arriving in his
maximum compensation.

By virtue of Section (a) of Article 3899, the county
officials who are compensated on a fee basis are entitled to pay
the premiums on their official bonds out of the fees earned by such
officer and said amount paid as premiums on official bonds can
legally be deducted from the compensation of said officers at ar-
riving at their maximum compensation.

Where the county officials of a county are compen-
sated on an annual salary basis the premiums on the bonds re-

478

quired by law of said officers must be paid by the county as authorized by Section (b) of Article 3899, Vernon's Annotated Civil Statutes.   Said premiums are to be paid out of the Officers' Salary Fund.

If the matters inquired about in your letter cannot be settled by the county officials in question and the commissioners' court, such matters can be settled in any court of competent jurisdiction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN